**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| MAC COSTAS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>ORMAT TECHNOLOGIES, INC., ISAAC ANGEL, and DORON BLACHAR,<br><br>　　　　　　　　　　Defendants. | No. 3:18-cv-00271-RCJ-WGC<br><br>Hon. Robert C. Jones<br><br>**ORDER AND FINAL JUDGMENT** |

On the 11th day of January, 2021, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement and Release dated June 8, 2020 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Ormat Technologies, Inc. ("Ormat" or the "Company"), Isaac Angel, and Doron Blachar (the "Individual Defendants," and together with Ormat, the "Defendants");[1] (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (3) whether judgment should be entered dismissing the Action with prejudice; (4) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (5) whether and in what amount to award Lead Counsel fees and reimbursement of expenses; and (6) whether and in what amount to award a service fee to Lead Plaintiff;

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Order Preliminarily Approving Settlement (Dkt. No. 88) ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members; and

---

[1] The Class Representative, on behalf of itself and the Settlement Class, and Defendants are collectively referred to as the "Parties."

It appearing that the Publication Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Court's specifications;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Unless indicated otherwise, all capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of this action (the "Action"), Class Representative, all Settlement Class Members, and the Defendants, including all Settlement Class Members who did not timely file a request for exclusion from the Settlement Class by the relevant deadline pursuant to the Preliminary Approval Order.

3. The Court finally certifies the Class, defined as: "All Persons, including those resident in Israel, that purchased or acquired shares of Ormat, either on the New York Stock Exchange ("NYSE"), or on the Tel Aviv Stock Exchange ("TASE"), or both the NYSE and TASE between August 3, 2017 and May 15, 2018, both dates inclusive.  Excluded from the Class are the named Defendants to this action, and immediate family members of any Defendant; the legal representatives, heirs, successors, or assigns of any Defendant; and any entity in which any Defendant has a controlling interest."

4. This Court finds that, for the purposes of effectuating this Settlement, (i) the Class Members are so numerous that joinder of all Class Members in the Action is impracticable, (ii) there are questions of law or fact common to all Class Members, (iii) the claims of the Class Representative are typical of the claims of the Class, (iv) the Class Representative and Class Counsel have fairly and adequately protected and represented the interests of all Class Members and (v) a class action is superior to other available methods for fair and efficient adjudication of the controversy.

5. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. § 78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995); constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided

for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment except those listed on Exhibit A hereto.

6. The Settlement is approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that there was no collusion, that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced, competent counsel representing the interests of the Settlement Class Members and the Defendants, and that the record is sufficiently developed and complete to have enabled the Class Representative and the Defendants to have adequately evaluated and considered their positions. Class Representative and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Court herby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

8. Except with respect to individual claims by persons who have validly and timely requested exclusion from the Settlement Class, all of the claims asserted in the Amended Complaint or the Action against the Defendants are hereby dismissed with prejudice, without costs as to the Parties, except as awarded under the Settlement Fund and approved by the Court.

9. Each of the Releasing Parties are hereby deemed to have fully, finally, and forever waived, released, relinquished and discharged each and every one of the Released Claims, including Unknown Claims, against each and every one of the Released Parties, whether or not the Class Member executes and delivers the Proof of Claim, and whether or not such Class Member shares in the Settlement Fund.  Except however, the Settlement shall not release any claims in the action captioned *In re Ormat Tech., Derivative Litig.*, No. 18-cv-439-RCJ-WGC (D. Nev. Sept. 11, 2018).

10. Each of the Releasing Parties are hereby forever barred and enjoined from commencing,

prosecuting, or assisting in the commencement or prosecution of, any claim arising from the purchase or sale of Ormat securities during the Class Period. Each of the Releasing Parties is further permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other court of law or equity, administrative forum, or arbitration tribunal, any claim, counterclaim, cross-claim, third-party claim or other actions based upon, relating to, or arising out of any of the Released Claims and/or the transactions and occurrences referred to in the Complaint, or in any other pleadings filed in this Action against any of the Released Parties, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or are asserted under federal, foreign, state, local or common law.

11. This order shall bar all future claims for contribution arising out of the action—**(i)** by any person against Ormat, Isaac Angel or Doron Blachar; and **(ii)** by Ormat, Isaac Angel or Doron Blachar against any person, other than a person whose liability has been extinguished by the settlement.

12. The Court finds that all parties and their counsel have complied with each requirement of Fed. R. Civ. P. 11 as to all proceedings herein.

13. Lead Counsel is awarded attorneys' fees in the amount of $1,191,389.12, Plaintiffs' Counsel (consisting of Lead Counsel and Liaison Counsel, the Muehlbauer Law Office, Ltd.) is awarded expenses in the amount of $117,928.31, and Israeli Counsel Aiden, Tirosh & Co. is awarded expenses in the amount of $57,904.32, plus any applicable interest to such amounts, such as amounts to be paid out of the Settlement Fund immediately following entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among other counsel in the manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.

14. Lead Plaintiff is awarded $15,000, as a compensatory award for its service to the class and for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. §78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

15. Neither this Order and Final Judgment, the Preliminary Approval Order, the Stipulation

(including the exhibits thereto), the Term Sheet dated March 23, 2020 ("Term Sheet"), nor any of the negotiations, documents or proceedings connected with them shall be argued to be or offered or received:

    a. against any of the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by the Plaintiffs in the Amended Complaint or the Action, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Amended Complaint or the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

    b. against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the Amended Complaint or the Action or of any lack of merit to the claims or the Amended Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Amended Complaint or the Action;

    c. against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Defendants, the Plaintiffs, and any Settlement Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them

hereunder;

d. against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them;

e. against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; or

f. as evidence of, or construed as evidence of, any presumption, concession, or admission that the modifications to the class definitions as ordered in the Preliminary Approval Order are appropriate in this Action, except for purposes of this Settlement.

16. Notwithstanding the foregoing Paragraph 15, the Settling Parties and other Released Parties may file or refer to this Order and Final Judgment, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

17. Exclusive jurisdiction is hereby retained over the Settling Parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation, or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

18. Without further order of the Court, the Settling Parties may agree to reasonable

extensions of time to carry out any of the provisions in the Stipulation.

19. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Fed. R. Civ. P. 54(b).

20. Any order approving or modifying the Plan of Allocation, Class Counsel's application or award of attorneys' fees and expenses, or Class Representative's application or award for reimbursement of costs and expenses, shall be separate from, and shall not in any way disturb or affect, the finality of this Judgment, the Stipulation, or the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement.

21. In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Settling Parties, and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the Term Sheet, and the Settling Parties shall proceed in all respects as if the Term Sheet and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action. In such circumstances, the parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

22. In the event the Judgment does not become Final or the Settlement is terminated in accordance with the terms and conditions set forth in the Stipulation, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest, shall be returned to the Defendants or their insurers. Lead Counsel shall return any fees or award previously distributed in connection with the Settlement.

23. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

**SO ORDERED** in the District of Nevada on January 21, 2021.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE